IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER BUSCH,<br><br>Plaintiff,<br><br>vs.<br><br>COLLEGE OF SAINT MARY,<br><br>Defendant. | **8:25CV446**<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

The parties' joint motion for protective order, Filing No. 19, is granted.

IT IS HEREBY STIPULATED and agreed by and between Plaintiff Alexander Busch and Defendant College of Saint Mary, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the parties stipulate as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the United State District Court for the District of Nebraska Rules of Discovery in Civil Cases.

2.    Information designated as "CONFIDENTIAL" shall be information that is

1

confidential, proprietary, or private for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  In light of the nature of the claims and allegations in this action, discovery will potentially involve the production of confidential records, including, among other things, protected health information, education records protected under FERPA, confidential and proprietary business information and/or trade secrets, and confidential personal identifying information.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for prosecuting, defending, or attempting to settle this case.  Information that is designated by a party as CONFIDENTIAL must first be reviewed by that party's counsel and the designation as CONFIDENTIAL must be based on a good faith belief that the information is confidential or otherwise entitled to protection.

3.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a)    the parties to this action, including any employees of a party to whom disclosure is reasonably necessary for this action;

b)    counsel retained specifically for this action who have appeared in this action on behalf of a party or who are employed by the law firm which has appeared on behalf of that party, including any paralegal, clerical or other assistants employed by such counsel and assigned specifically to work on this action;

c)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

2

d)      any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Agreement of Confidentiality in the form annexed hereto;

e)      stenographic reporters and video technicians who are engaged in proceedings necessarily incident to the conduct of this action;

f)      independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

g)      during their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary, provided that if such a witness is a non-party to this action, that the non-party witness and his or her attorney first execute an Agreement of Confidentiality in the form annexed hereto;

h)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties to this action;

i)      all personnel employed by any insurance company, that may be liable to satisfy all or part of a possible judgment in the action, and who is/are actively involved in the defense or settlement of this action;

j)      the Court and its employees; and

k)      other persons by written agreement of the parties.

4.      Prior to disclosing any CONFIDENTIAL information to any person listed above in subparagraphs 3(d) and (g), such person shall be provided by counsel with a

3

copy of this Protective Order and shall sign an Agreement of Confidentiality in the form annexed hereto, stating that that person has read this Protective Order and agrees to be bound by its terms.  All such Agreements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.  The Agreement of Confidentiality is attached as Appendix A.

5.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall

lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  If such a motion is filed, the opposing party may file a response within fifteen (15) days.  No replies are permitted. The Court will then determine based on the motion and any response whether the requested CONFIDENTIAL designation is appropriate in whole, or in part.   In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.    The parties agree that if any documents marked CONFIDENTIAL must be filed with the Court, any CONFIDENTIAL information that is not critical for the Court to see will be redacted.  If any CONFIDENTIAL information must be seen by the Court, the party seeking to restrict access to the material will follow Neb Ct. R. § 2-210 with respect to filing the information for review by the Court and counsel.

9.    Inadvertent Disclosure: If, at any time, a party or non-party discovers that it produced or disclosed CONFIDENTIAL information without designation, it may promptly notify the receiving party and identify with particularity the information to be designated CONFIDENTIAL (the claw-back notification).  The receiving party may then request substitute production of the newly-designated information.  Within thirty (30) days of receiving the claw-back notification, the receiving party must (a) certify to the designating party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (b) if it was practicably unable to mark or destroy any information because disclosures occurred while the receiving party was under no duty of confidentiality under the terms of this Protective

Order regarding that information, the receiving party must reasonably provide as much information as practicable to aid the designating party in protecting the information, consistent with the receiving party's attorney-client, work-product, and/or trial-preparation privileges.

10.     CONFIDENTIAL material shall not be loaded into an artificial intelligence (AI) platform, including any generative, analytical, or large language model-based tool ("AI") that is an "open loop" or publicly available (such as ChatGPT). Closed loop artificial intelligence systems may only be used if the AI provider is contractually prohibited from: (1) storing or using inputs to train or improve its model; and (2) disclosing inputs to any third party. In addition, the AI provider must contractually afford the party or authorized recipient the ability to remove or delete all CONFIDENTIAL information upon request. A party intending to use AI that it contends meets these requirements must retain written documentation of these contractual protections.

11.     At the conclusion of this case, unless other arrangements are agreed upon by the parties in writing, the provisions of this Protective Order will continue to apply to each document and all copies thereof which have been designated as CONFIDENTIAL. The CONFIDENTIAL documents will not be used for any future case or claim without written permission by the disclosing party, or order of a court of competent jurisdiction after disclosing party has received notice and been given an opportunity to object.

12.     At the conclusion of this case, the parties and their counsel will take all steps necessary to maintain the confidentiality of CONFIDENTIAL information.

13.     This Protective Order may be modified by the Court at any time for good

6

cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 10th day of July, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER BUSCH, | |
| Plaintiff, | **8:25CV446** |
| vs. | |
| COLLEGE OF SAINT MARY, | **APPENDIX A** |
| Defendant. | |

1.    My full name is: _____

2.    My address is: _____

3.    My present employer is: _____

4.    My present occupation or job description is: _____

5.    I have received a copy of the Protective Order entered in this case. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6.    I will not disclose any documents or videotapes covered by the Protective Order except to the attorneys of record in this case and their staff. I will use any such information only with respect to this case.

7.    I will return all documents and videotapes covered by the Protective Order that come into my possession and all documents or things which I have prepared which contain reference to such information to any attorney representing the party that has employed or retained me at the conclusion of this case.

8.      I submit to the jurisdiction of this Court for the purposes of enforcement of

the Protective Order.

DATED this ___ day of _____, _____.


Signature _____